UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JACQUELINE GORDON,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 22-cv-02309 (APM) |
| **ALEJANDRO N. MAYORKAS,** *et al.***,** *Secretary of the United States Department of Homeland Security* | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.**

Plaintiff Jacqueline Gordon is employed by the Federal Emergency Management Agency ("FEMA"). She proceeds *pro se*, alleging a single count of retaliation under Title VII of the Civil Rights Act of 1964. Defendants[1] move to dismiss the complaint for insufficient service of process and for failure to state a claim. Defs.' Mot. To Dismiss, ECF No. 7 [hereinafter Defs.' Mot.]. For the reasons that follow, the motion is granted.

**II.**

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Plaintiff bears the burden of proving that she has effectuated proper service. *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "[T]o do so, [s]he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [which governs summonses] and any other

---

[1] Defendants are Secretary of Homeland Security Alejandro Mayorkas, Deputy Director of the Integrated Public Alert and Warning System Program ("IPAWS") Wade Witmer, Director of the IPAWS Program Antwane Johnson, and FEMA Chief Privacy Officer Eric Leckey, each sued in his official capacity.

applicable provision of law." *Light*, 816 F.2d at 751 (internal quotation marks omitted). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).

Failure to effectuate proper service is a "fatal" jurisdictional defect and is grounds for dismissal. *See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols., Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008). However, *pro se* plaintiffs are "allowed more latitude than litigants represented by counsel to correct defects in service of process." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). The court can "in its sound discretion" order that service be perfected within a specified time. *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89 (D.D.C. 2004).

**III.**

Defendants advance two grounds for dismissal under Rule 12(b)(5). They argue that (1) Plaintiff "failed to serve a copy of the complaint on the U.S. Attorney's Office for the District of Columbia," and (2) Plaintiff "personally attempted to serve" Defendants. Defs.' Mot. at 7. Plaintiff does not dispute either defect in her opposition. Pl.'s Opp'n to Defs.' Mot., ECF No. 9.

When serving a United States agency or a United States officer or employee sued in an official capacity, "a party must serve the United States" and "also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2). To serve the United States, a party must (1) either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or mail a copy of each "to the civil-process clerk at the United States attorney's office," and (2) send a copy of each to the Attorney General of the United States. FED. R. CIV. P. 4(i)(1). Here, Plaintiff personally mailed a copy of the summons to the Civil Process Clerk for the United

States Attorney's Office for the District of Columbia but did not mail a copy of the complaint. Defs.' Mot., Ex. D, ECF No. 7-1. She therefore failed to properly effectuate service. Plaintiff's attempt to serve Defendants is fatal for a second reason—she attempted to serve the Defendants herself, which violates the requirement that a non-party effectuate service. FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Though Plaintiff did not properly carry out service, "courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made." *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020) (internal quotation marks omitted). As a result, the court will exercise its discretion and grant Plaintiff 30 days to perfect service. If Plaintiff does not effectuate proper service within 30 days, this action will be dismissed.

### IV.

Because the court lacks personal jurisdiction over the Defendants absent perfected service, it declines to formally rule on Defendants' motion to dismiss on Rule 12(b)(6) grounds. Nevertheless, the court urges Plaintiff to submit an amended complaint, either before or after effectuating service, which specifies: (1) what protected activity is the basis of her retaliation claim; (2) what adverse action is the basis of that claim; and (3) when the protected activity and adverse action occurred.

### V.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 7, is granted. If Plaintiff does not perfect service by July 13, 2023, the court will enter a final, appealable order.

Dated: June 13, 2023

Amit P. Mehta
United States District Court Judge